# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHESTER DUDA,

    *Petitioner*,

vs.

D. NEVEN, *et al.*,

    *Respondents.*

2:16-cv-01176-JCM-CWH

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion (ECF No. 16) to dismiss and motion (ECF No. 15) for an extension of time, as well as on petitioner's motion (ECF No. 10) to supplement the petition, motion (ECF No. 11) to extend the time to produce a supplement to the petition, and motion (ECF No. 12) to produce order granting the motion to supplement petition. Following review of the papers submitted, the court concludes that the original federal petition is untimely under 28 U.S.C. § 2244(d).

### *Background*

Petitioner Chester Duda challenges his Nevada state conviction, pursuant to an *Alford* plea, of two counts of possession of visual presentation depicting sexual conduct of a child. He was sentenced to two concurrent sentences of 24 to 72 months that also ran concurrent with his sentences in another case, and he ultimately further was required to register as a sex offender following upon any eventual release from custody.

The last original or intervening amended or corrected judgment of conviction filed in the state district court was filed on February 6, 2014. (ECF No. 17-10; exhibit 10.)

1    Petitioner did not file a direct appeal from any original or intervening judgment of
2 conviction in the state district court.
3    On December 15, 2014, petitioner filed a state post-conviction petition. (ECF No. 17-
4 12; exhibit 12.) On February 9, 2015, the state moved to dismiss the petition, as, *inter alia*,
5 untimely on the basis that the petition was filed more than a year after the expiration of the
6 time to file a direct appeal after an original judgment of conviction filed on September 25,
7 2013. (ECF No. 17-13, at 3-4; exhibit 13.)[1] On April 27, 2015, the state district court issued
8 a decision via written minute entry holding that the petition was, *inter alia*, untimely. (ECF No.
9 17-17; exhibit 17.) On May 21, 2015, petitioner filed a written notice of appeal from the April
10 27, 2015, decision. (ECF No. 17-18; exhibit 18.) On June 5, 2015, the state district court
11 issued written findings, conclusions, and an order denying the petition as, *inter alia*, as
12 untimely on the basis argued by the state. (ECF No. 17-19, at 4; exhibit 19.) On October 19,
13 2015, the state supreme court affirmed also on the basis that the petition was untimely. (ECF
14 No. 17-20; exhibit 20.) The remittitur issued on January 19, 2016. (ECF No. 17-22; exhibit
15 22.)
16    On or about May 21, 2016, petitioner mailed the federal petition in this matter to the
17 clerk of this court for filing. (ECF No. 1-1, at 10.)[2]

***Discussion***

***Timeliness***

20    The federal one-year limitation period did not begin running as to this case under 28
21 U.S.C. § 2244(d)(1)(A) until after the time period expired to file a direct appeal from the
22 February 6, 2014, amended judgment of conviction. *Smith v. Williams*, ___ F.3d ___, 2017

---

[1]All page citations herein are to the CM/ECF generated electronic document page number in the page header, not to any page number in the original transcript or document, unless noted otherwise.

[2]Petitioner remained in physical custody on the sentences in this case at that time, and his sentences did not expire until December 31, 2016. (See ECF No. 16, at 4, and supporting exhibit.) Duda thus clearly was in custody for purposes of federal habeas jurisdiction; and the subsequent expiration of the sentences, which in any event also ran concurrent with sentences in another case, did not render the petition moot. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). The court thus would have no occasion to also consider the potential impact of the particular registration requirement imposed on the jurisdictional issue of custody.

WL 3927193, No. 15-16967 (9th Cir., Sept. 8, 2017). The federal limitation period therefore did not begin running until after Monday, March 10, 2014. Accordingly, absent a basis for delayed accrual or tolling, the limitation period expired one year later on March 10, 2015.

Petitioner's state post-conviction petition did not constitute a "properly filed" state petition for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2) because the state courts held that it was untimely filed. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Petitioner contends – in arguing separate procedural default issues – that the state courts incorrectly held that the state petition was untimely under Nevada state law. However, the state supreme court's holding that the state petition was untimely under Nevada state law is "the end of the matter for purposes of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 4 (2007); *Pace*, 544 U.S. at 413-14. Federal decisions such as *Magwood v. Patterson*, 561 U.S. 320 (2010), and *Smith, supra*, addressing federal procedural law issues do not govern the state courts' resolution of the state law issues. The *Allen* and *Pace* federal decisions instead state the apposite governing rule, which is that the state courts' state law determination is controlling with regard to the application of statutory tolling under § 2244(d)(2). In this regard, the state supreme court is the final arbiter of Nevada state law.

Absent statutory tolling under § 2244(d)(2), the limitation period expired on March 10, 2015, unless petitioner can establish a basis for either equitable tolling or delayed accrual.

Petitioner presents no legal argument and also no supporting factual specifics presenting a potentially viable basis for equitable tolling.[3] The court notes in this regard that the state challenged the timeliness of the state petition and the state district court denied relief based upon, *inter alia*, untimeliness more than one year prior to the constructive filing of the

---

[3]Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

federal petition. Petitioner's filing and pursuit of his state petition further reflects his capability to seek judicial relief more than a year prior to the constructive filing of the federal petition.[4]

Petitioner further presents no legal argument and no supporting factual specifics presenting a potentially viable basis for delayed accrual that would result in the limitation period beginning to run on a later date as to any claim in the original petition.[5]

The federal limitation period therefore expired on March 10, 2015. The federal petition was not constructively filed until more than one year later, until on or about May 21, 2016. The original federal petition therefore is subject to dismissal with prejudice as untimely.

***Remaining Matters***

On or about November 9, 2016, petitioner filed a conclusory one-page motion to amend or supplement his claims. (ECF No. 8.)

On November 22, 2016, the court denied the motion without prejudice because petitioner had not submitted a proposed pleading with the motion, providing an opportunity to file a motion with a proposed pleading. The court informed petitioner, *inter alia*, that: (1) piecemeal pleadings were not permitted and petitioner thus must present all claims, old and new, in the proposed pleading; and (2) any claims or allegations omitted from the proposed pleading and not re-alleged therein no longer would be before the court. (ECF No. 9.)

---

[4] Petitioner maintained in the state courts, in arguing that the state petition was timely, that he sought relief within a reasonable time after allegedly learning that no direct appeal had been filed. Duda alleged, however, that once he learned that an appeal had not been filed "at that point" he requested counsel's withdrawal and production of records. (ECF No. 17-15, at 3; exhibit 15.) Duda filed a state court motion for discharge of counsel on August 27, 2014. (ECF No. 17-11; exhibit 11.) The state district court accordingly found that he learned that counsel had not filed an appeal no later than August 27, 2014. (ECF No. 17-19, at 4 n.2; exhibit 19.) Petitioner thus clearly learned that counsel had not filed an appeal considerably more than a year prior to the filing of the federal petition, and he makes no argument that counsel's failure to file an appeal or the alleged delay in his learning that she had failed to do so provides a basis for tolling of the federal limitation period. *See also Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010)(counsel's failure to file a direct appeal had little or no bearing on the petitioner's ability to file a timely federal petition).

[5] The core factual allegations asserted in support of the claims in the federal petition either were explicitly alleged in petitioner's state petition more than a year prior to the constructive filing of the federal petition or otherwise pertained to matters that could have been learned through reasonable diligence more than a year prior to the filing of the federal petition. *See, e.g., Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001)(federal limitation period begins to run under § 2244(d)(1)(D) when a petitioner could learn through reasonable diligence the important facts, not when he recognizes their legal significance).

On or about December 27, 2016, petitioner filed a motion to supplement petition along with a proposed supplemental pleading. The court's prior admonitions regarding piecemeal pleadings notwithstanding, the proposed pleading did not carry forward any of the claims in the original petition. (ECF Nos. 10 & 10-1.)[6]

The original petition was untimely, and there therefore are no timely claims in that pleading to which the new claims in the proposed pleading can relate back for purposes of timeliness under Rule 15(c) of the Federal Rules of Civil Procedure.

The claims therefore must stand on their own as to their timeliness or untimeliness, with respect to the December 27, 2016, constructive filing date of the motion to supplement. In this regard, the motion conclusorily asserts that it seeks "to add additional claims and evidence which was recently received, which was referenced in the Supreme Court." (ECF No. 10.) And the proposed pleading states in response to an exhaustion inquiry: "New rulings on state law not previously available." (ECF No. 10-1, at 1.) However, when the court reviews the claims presented in the proposed pleading, they would appear to be claims as to which the factual predicate for the claims could have been discovered through the exercise of reasonable diligence well more than a year prior to December 27, 2016.[7] Moreover, the attachments reflect that defense counsel provided petitioner the defense file under a September 22, 2014, cover letter. (ECF No. 10-1, at 17.) Furthermore, a new state court decision on a state law issue from another case cannot constitute the "factual predicate" of a claim for purposes of delayed accrual under § 2244(d)(1)(D). *E.g., Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005); *see also Hasan*, *supra*.

A substantial question thus exists as to whether the new claims are, *inter alia,* timely.

---

[6]The motion states that it seeks to "add additional claims . . . [a]nd to dilate claims in original Habeas Corpus," apparently reflecting petitioner's intent to delete the original claims and to seek to proceed forward only on the newly alleged claims.

[7]That is not to say that the claims are not potentially subject to additional substantial deficiencies. The Fourth Amendment claim in new Ground 1, for example, would appear to be barred under *Stone v. Powell*, 428 U.S. 465 (1976), given that Nevada state law provides a legal avenue by which such claims can be raised before trial.

The parties have not had an opportunity to address the timeliness of the new claims separate and apart from the claims in the untimely original petition, however. Such arguments were not pursued on the motion for leave as a basis for arguing that grant of leave would be futile.[8] The court will grant petitioner leave to file the proposed pleading; and, in the exercise of initial screening review of the supplemental pleading, the court will grant petitioner an opportunity to show cause why the claims in the supplemental petition should not be dismissed with prejudice as untimely.[9]

IT THEREFORE IS ORDERED that respondents' motion (ECF No. 16) to dismiss is GRANTED and that the original petition is DISMISSED with prejudice as untimely.[10]

IT FURTHER IS ORDERED that respondents' unopposed motion (ECF No. 15) to extend the time to file the motion to dismiss is granted *nunc pro tunc*.

IT FURTHER IS ORDERED that petitioner's pending motions (ECF Nos. 10, 11 and 12) all are GRANTED to the extent and only to the extent that the court grants petitioner leave to file the proposed pleading (ECF No. 10-1) as a superceding pleading presenting only the claims alleged therein with any and all prior claims no longer being before the court as per its prior order (ECF No. 9).

---

[8] Respondents contend that petitioner did not comply with the court's prior order regarding piecemeal pleadings and thus did not file a proper motion to amend the pleadings. If petitioner instead desired – after the court's express admonishment – to submit a proposed pleading presenting only new claims, that was his prerogative as the master of his claims. The consequence of that decision under the court's prior order was that only the claims in the new proposed pleading would remain before the court, and the claims in the prior pleading all are untimely in any event. The question that remains is whether the new claims are viable given, *inter alia*, the putative expiration of the federal limitation period well before December 27, 2016, and the absence of any relation back.

[9] Governing law regarding the calculation of the federal limitation period, statutory tolling, equitable tolling, and delayed accrual is set forth within this order. Petitioner further is informed that additional statutory bases for delayed accrual are set forth in subparagraphs (B) and (C) of § 2244(d)(1). Moreover, if petitioner seeks to avoid application of the one-year limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to show that no juror acting reasonably would have found him guilty beyond a reasonable doubt, potentially as to all charges pending against him prior to his plea. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S. 614 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

[10] Given the remaining dispositions herein, the court is not directing the clerk to enter final judgment. The current order thus is not intended to constitute, and does not constitute, a final appealable order.

1 IT FURTHER IS ORDERED, that within **thirty (30) days** of entry of this order, petitioner shall show cause in writing why all claims in the supplemental petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the claims will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence that the claims are timely, the claims will be dismissed with prejudice. If all such claims are dismissed, final judgment also will be entered dismissing this action with prejudice.[11]

IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

IT FURTHER IS ORDERED that, if petitioner files a response to the show-cause order, respondents may file an opposition or other response thereto within **thirty (30) days** of service of the response. If, and only if, respondents file a response, petitioner may file a reply within **thirty (30)** days of service of the response.

DATED: September 29, 2017.

_____
JAMES C. MAHAN
United States District Judge

---

[11] The filing of the supplemental petition does not signify that the petition necessarily is free of other deficiencies. The court is reviewing the timeliness of the supplemental petition in the first instance.