# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHESTER DUDA,

    *Petitioner*,

vs.

D. NEVEN, *et al.*,

    *Respondents.*

2:16-cv-01176-JCM-CWH

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court on a *sua sponte* inquiry into whether the claims in a supplemental petition are time-barred. This order follows upon a show-cause order (ECF No. 25) and petitioner's response thereto (ECF No. 28).

### *Background*

Petitioner Chester Duda challenges his Nevada state conviction, pursuant to an *Alford* plea, of two counts of possession of visual presentation depicting sexual conduct of a child, in No. 13C291800 in the state district court. He was sentenced to two concurrent sentences of 24 to 72 months that also ran concurrent with his sentences in another case, and he ultimately further was required to register as a sex offender following upon any eventual release from custody.

The last original or intervening amended or corrected judgment of conviction filed in the state district court was filed on February 6, 2014. (ECF No. 17-10; exhibit 10.)

Petitioner did not file a direct appeal from any original or intervening judgment of conviction in the state district court.

On December 15, 2014, petitioner filed a state post-conviction petition. (ECF No. 17-12; exhibit 12.)  On February 9, 2015, the state moved to dismiss the petition, as, *inter alia*, untimely on the basis that the petition was filed more than a year after the expiration of the time to file a direct appeal after an original judgment of conviction filed on September 25, 2013. (ECF No. 17-13, at 3-4; exhibit 13.)[1]  On April 27, 2015, the state district court issued a decision via written minute entry holding that the petition was, *inter alia*, untimely. (ECF No. 17-17; exhibit 17.)  On May 21, 2015, petitioner filed a written notice of appeal from the April 27, 2015, decision. (ECF No. 17-18; exhibit 18.)  On June 5, 2015, the state district court issued written findings, conclusions, and an order denying the petition as, *inter alia*, as untimely on the basis argued by the state. (ECF No. 17-19, at 4; exhibit 19.)  On October 19, 2015, the state supreme court affirmed also on the basis that the petition was untimely. (ECF No. 17-20; exhibit 20.)  The remittitur issued on January 19, 2016. (ECF No. 17-22; exhibit 22.)

On or about May 21, 2016, petitioner mailed the federal petition in this matter to the clerk of this court for filing. (ECF No. 1-1, at 10.)[2]

In a September 29, 2017, order on respondents' motion to dismiss, the court held that: (1) the federal limitation period expired on March 10, 2015; (2) petitioner had not demonstrated a viable basis for tolling or delayed accrual as to the original petition constructively filed on May 21, 2016; (3) the original petition therefore was untimely; (4) there thus were no timely claims in the original petition to which the distinct claims in petitioner's superceding supplemental petition constructively filed on December 27, 2016, could relate back; and (5) the claims in the supplemental petition appeared to be claims as to which the

---

[1]All page citations herein are to the CM/ECF generated electronic document page number in the page header, not to any page number in the original transcript or document, unless noted otherwise.

[2]Petitioner remained in physical custody on the sentences in this case at that time, and his sentences did not expire until December 31, 2016. (See ECF No. 16, at 4, and supporting exhibit.)  Duda thus clearly was in custody for purposes of federal habeas jurisdiction; and the subsequent expiration of the sentences, which in any event also ran concurrent with sentences in another case, did not render the petition moot. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490-92 (1989).  The court thus would have no occasion to also consider the potential impact of the particular registration requirement imposed on the jurisdictional issue of custody.

factual predicate for the claims could have been discovered through the exercise of reasonable diligence well more than a year prior to December 27, 2016. The court accordingly dismissed the original petition with prejudice as untimely and directed petitioner to show cause in writing why the claims in the supplemental petition also should not be dismissed with prejudice as untimely. (ECF No. 25.)

### *Discussion*

The September 29, 2017, order outlines the governing law regarding the federal limitation period and its application to this case, including the legal principles that may be relied upon to overcome the federal time bar. At bottom, petitioner must present a viable basis for overcoming the failure to file the claims in the December 27, 2016, supplemental petition prior to the putative expiration of the federal limitation period on March 10, 2015.

Petitioner attests in a declaration submitted in response to the show-cause order that: (1) in January 2015, the state district court in his other case, No. 13C286668, appointed post-conviction counsel for petitioner in that case; (2) shortly after receiving a January 22, 2015, initial letter from counsel Matthew Carling regarding No. 13C286668, "we discussed both cases and Mr. Carling walked me through the Appellates [sic] process, guidelines, and State and Federal timeline;"[3] (3) "I was counseled that both cases fall under the NRS 34.726(1) stipulations [and] that I have 1 year after the Supreme Court issues its remittitur to file;" (4) counsel explained the exhaustion requirement and that "this is why the Federal clock does not start ticking until after the Remittitur is issued by the Supreme Court;" and (5) "Mr. Carling reaffirms the State and Federal timeline in his August 24, 2016, letter, which he explained in February, 2015." (ECF No. 28, at 2-3.)

At the very outset, if, as petitioner attests, counsel in the other case explained the same timeline in the August 24, 2016, letter that he explained to him in February 2015, then the letter belies his assertions as to what was explained to him in February 2015.

---

[3] The January 22, 2015, letter itself does not discuss state or federal limitations periods. (See ECF No. 28, at 7-8.)

-3-

The letter reflected, *inter alia*, that: (1) a state "petition must be filed within 1 year after entry of the Judgment of Conviction (JOC) or, if an appeal was taken form [sic] the JOC, within 1 year after the Nevada Supreme Court issues its Remittitur;" (2) "[t]he 1 year period begins to run from the entry of the JOC unless you file a timely direct appeal;" (3) "[t]he federal clock is the same clock as the state clock;" (4) "[t]here is NOT an additional year to file a federal habeas corpus petition;" (5) the specific timeline that counsel applied in the other case, where petitioner has not filed a direct appeal, started the state and federal timelines running *after the August 23, 2013, date of the original judgment of conviction in that case*; and (6) accordingly, counsel advised petitioner that he had *18 days*, not a year, following the issuance of the remittitur on his post-conviction appeal in that case within which to file a timely federal petition for that case. (ECF No. 28, at 10-11.)(all capital emphasis in original)

Nothing in counsel's advice to petitioner – which he attests was the same in February 2015 as it was in August 2016 – told petitioner that the state and federal limitation periods began to run only after the remittitur was issued on his post-conviction appeal. Nothing in counsel's advice to petitioner told him that he had a year after the post-conviction remittitur within which to seek federal habeas relief. Instead, counsel clearly told petitioner – both in general and specifically as applied to his other case – that the state and federal limitation periods began to run *after entry of the judgment of conviction* where he did not file a direct appeal, *which he did not file in either case*.

Applying that advice to the present case would have led to a conclusion that the state and federal limitation periods expired in the present case, No. 13C291800, one year after entry of the original September 25, 2013, judgment, *i.e.,* on or about September 25, 2014. Even running counsel's stated manner of calculation instead from the last February 6, 2014, amended judgment – for the federal limitation period – would result in the limitation period expiring on February 6, 2015. Petitioner did not file the original federal petition until or on about May 21, 2016, and the supplemental federal petition until on or about December 27, 2016. Nothing in the advice actually provided by counsel for the other case gave petitioner any reasonable basis to believe that these tardy filings were timely under federal law.

1     Accordingly, as a matter of fact, without further regard to the applicable law discussed
2 below, petitioner's presentation does not present a potentially viable basis for excusing his
3 failure to file timely pleadings in federal court. At the very level best, applying counsel's
4 advice as stated in his letter for the other case to the present case would have informed
5 petitioner that he would have needed to file a federal petition at the very possible latest on
6 February 6, 2015.[4] He did not file the original petition until more than fifteen months later.

7     In all events, any *arguendo* miscalculation or erroneous advice by counsel in the other
8 case regarding the calculation of the federal limitation period in the present case, under
9 controlling law, does not provide a viable basis for equitable tolling of the federal limitation
10 period. It is established law that any such mistake, inadvertence, error, miscalculation and/or
11 negligence by counsel does not present an extraordinary circumstance establishing a
12 potentially viable basis for equitable tolling. In *Lawrence v. Florida*, 549 U.S. 327 (2007), the
13 supreme court rejected the petitioner's contention that "his counsel's mistake in miscalculating
14 the limitations period entitle[d] him to equitable tolling." 549 U.S. at 336. The court held:
15 "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the
16 postconviction context where prisoners have no constitutional right to counsel." 549 U.S. at
17 336–37. A long line of Ninth Circuit authority further uniformly holds that attorney negligence,
18 mistake or error in calculating the federal limitation period does not provide a basis for

---

[4]The federal limitation period in fact runs after the expiration of the time to file a direct appeal, not the date of entry of judgment, when a direct appeal is not filed. This error by counsel does not help petitioner here, however. The advice that counsel allegedly gave would have prompted petitioner to file one month earlier, not later, and certainly not over a year later. That is, this particular minor calculation error cannot justify, as a matter of fact, a later filing by petitioner.

The court's discussion is directed to the federal limitation period, not the state limitations period. Under established Nevada law, the state period in this context ran from the original judgment of conviction rather than an amended judgment of conviction. (See ECF No. 17-20.) Applying counsel's advice from the other case within the framework of established Nevada law would have led to a conclusion that the state limitations period already had expired in the present case on or about September 25, 2014.

Moreover, nothing stated to petitioner in August 2016 would provide a viable basis for him failing to file timely federal pleadings prior to March 10, 2015. The court refers to the August 2016 letter because petitioner has stated to the court – in a declaration under penalty of perjury – that counsel told him in the August 2016 letter the same thing that he stated to him in February 2015.

-5-

1 equitable tolling. *See, e.g., Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir.2010); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001); *see also Miranda*, 292 F.3d 1063, 1065-68 (9th Cir. 2001)(the attorney's incorrect and thus misleading advice to the petitioner as to the calculation of the limitation period constituted negligence that did not give rise to equitable tolling). The *pro se* petitioner's lay status and ignorance of the law further otherwise is not an extraordinary circumstance giving rise to equitable tolling. *E.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009).

Both the original federal petition and the supplemental petition in this action are untimely.

IT THEREFORE IS ORDERED that, following upon the earlier dismissal of the original petition with prejudice as untimely, the supplemental petition in this matter also shall be DISMISSED with prejudice as untimely.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not find the dismissal of this action as untimely to be debatable or wrong, for the reasons discussed in the prior order (ECF No. 25) and this order. With regard to the current order, petitioner's alleged reliance on advice from counsel in another case would not explain, as a matter of fact, the late filing of either the original or supplemental federal petition. The advice provided in fact would not lead to an objectively reasonable belief that petitioner had until 2016 to file timely federal pleadings. In all events, alleged miscalculation or erroneous advice by counsel does not provide a basis for equitable tolling under controlling law.

The clerk of court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED: June 14, 2018.

_____
JAMES C. MAHAN
United States District Judge